RAYMOND D. HILL

*v.*

CATHERINE H. HILL.

[Decided September 17th, 1924.]

**Divorce—Desertion—Master's Report That Reasonable Effort to Secure Return of Wife was Not Made, Sustained.**

On exceptions to report of special master.

*Mr. George A. Cella,* for the exceptant.

BUCHANAN, V. C.

This is an uncontested action for divorce by husband against wife on the ground of desertion. The special master has reported against the granting of the decree, finding that the obstinacy of the desertion was not proved because the husband had failed to make reasonable effort to have the wife return.

That the husband did not make any such effort clearly appears from his own testimony, and, indeed, is tacitly conceded by his solicitor. It is contended, however, that the facts shown by the proofs were such as to excuse his making such effort. With this contention I cannot agree. It seems to me far from manifest, under the proofs, that honest, reasonable effort on the part of the husband to terminate the separation would have been unavailing.

The husband himself says that she left to make a short visit, and that they parted for that purpose, on good terms with each other; that she returned a day or two later and, in his absence, removed her belongings; said to her step-son, "I'm absolutely through," went away and never returned. The petitioner says that he *believes* she left because of a religious infatuation, and it appears that some time shortly prior to the leaving they had some discussion as to this, but the petitioner does not say (nor does anyone else) that there were any threats or declarations of a purpose to leave. There is nothing in the testimony, as I read it, to indicate the existence of such a fixed determination by the wife to separate herself as would in all probability have resisted and made futile any efforts by the husband to effect her return.

Petitioner testifies that she left him several times before, but gives no particulars in regard thereto. It is argued that this proves that he could not have induced her to return, except perhaps temporarily. That is by no means a necessary or probable conclusion. It is equally inferable that he would have been successful in obtaining her return. The lack of circumstances and details concerning the previous leavings deprives the incidents of probative value one way or the other.

The husband's proofs are insufficient and the exceptions must be overruled.